FILED: 12/5/2018 2:15 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Velia Duong, Deputy

18-11215-442

### CAUSE NO.

| | | |
|---|---|---|
| FRANCISCO MEDRANO SOTO, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | JUDICIAL DISTRICT _____ |
| | § | |
| MARVIN K. ENG AND PV HOLDING | § | |
| CORPORATION., | § | |
| Defendants. | § | DENTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, FRANCISCO MEDRANO SOTO ("Plaintiff"), complaining of and against

MARVIN K. ENG AND PV HOLDING CORPORATION ("Defendants"), and would respectfully

show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff submits this action under Discovery Control Plan Level III, per Rule 190.3 of the

Texas Rules of Civil Procedure.

### II. RELIEF

Plaintiff seeks monetary relief of $200,000.00 but not more than $1,000,000.00.

### III. JURISDICTION

This Court has jurisdiction as Plaintiff's damages are within the jurisdictional limits of this

Court.

### IV. VENUE

All or a substantial part of the events giving rise to this claim occurred in Denton County,

therefore Venue is proper in Denton County pursuant to C.P.R.C. § 15.002(a)(1).

### V. SERVICE

EXHIBIT

B-1

PENGAD 800-631-6989

Plaintiff is an individual domiciled in Dallas County, Texas.

Defendant, **MARVIN K. ENG ("ENG")** is an individual who may be served with process at his residence, at 6520 N Troy St., Chicago, Illinois 60645-4119 or wherever he may be found. **Issuance of citation is requested at this time**.

Defendant , **PV HOLDING CORPORATION ("PV HOLDING" )** is a Corporation that may be served with process through its registered CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO, located at 701 Brazos Street Suite1050 Austin, TX 78701, or wherever it may be found. **Issuance of citation is requested at this time.**

## VI. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues of this case.

## VII. CAUSE OF ACTION

On or about September 21, 2017, Plaintiff was traveling Westbound on Business State Highway 114 in Denton County, Texas. Defendant Eng was traveling Southbound on Dorman Street when he stopped at the stop sign, but failed to yield the right of way to Plaintiff, causing him to strike Plaintiff's vehicle. After the initial impact, Defendant Eng collided with Plaintiff vehicle causing secondary damages. As a result of such collision, Plaintiff was transported by ambulance to Baylor of Grapevine.

Thus, Defendant Eng failed to use the ordinary care that a person of ordinary prudence should have used under the same or similar circumstances and such failure proximately caused Plaintiff's injuries and damages. Plaintiff asserts claims and causes of action. At all relevant times Defendant Eng was operating a vehicle owned by Pv Holding  in furtherance and acting within the scope of his employment for Defendant Pv Holding  under the direction and scope of employment with Defendant Pv Holding.

## VIII. DEFENDANT ENG'S NEGLIGENCE

Defendant failed to use the ordinary care that a person of ordinary prudence should have used under same or similar circumstance and said failure constituted negligence. Among other things, he committed the following acts of negligence:

A. In failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

B. In failing to apply the brakes to the vehicle in order to avoid the collision;

C. In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision;

D. In driving recklessly, in violation of Texas Transportation Code § 545.401;

E. In causing an accident involving personal injury or death in violation of Texas Transportation Code § 550.021;

F. In failing to turn the direction of the vehicle away from the Plaintiff, in order to avoid the accident;

G. In failing to control the speed of the vehicle;

H. In failing to yield, and grant immediate use of the intersection to a vehicle on the other street or roadway that is within the intersection or approaching the

intersection, such as the Plaintiffs in violation of Texas Transportation Code §

545.151;

I. In failing to comply with an applicable official traffic-control device in violation
of Texas Transportation Code §544.004; and

J. In failing to act as a reasonably prudent person would have under the same or
similar circumstances;

Each of the above acts and omissions, singularly or in combination with each other, was a
proximate cause of Plaintiff's personal injuries and damages that are described further below.

## IX. DEFENDANT PV HOLDING CORPORATION'S NEGLIGENT ENTRUSTMENT

Defendant PV HOLDING  negligently entrusted its vehicle to ENG who was an unfit or
incompetent driver. PV HOLDING owned the vehicle involved in the collision in question and
knew, or should have known that ENG was unfit or incompetent to drive. PV HOLDING's
negligent entrustment of its vehicle is a proximate cause of the collision in question and
Plaintiff's injuries and damages. Therefore, Plaintiff asserts a cause of action for negligent
entrustment against Defendant PV HOLDING.

## X. DEFENDANT PV HOLDING CORPORATION'S VICARIOUS LIABILITY

At all times relevant, Defendant PV HOLDING  employed Defendant ENG. The collision
in question occurred while ENG acted within the scope of his employment for PV HOLDING,

and in furtherance of PV HOLDING's business. Therefore, ENG liability is imputed on PV HOLDING under the doctrine of respondent superior. Plaintiff seeks to recover from PV HOLDING under said theory.

## XI. NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION BY DEFENDANT PV HOLDING

Still further, Defendant PV HOLDING failed to use the ordinary care that a prudent person should have used under the same or similar circumstances in hiring, training, supervising and retaining Defendant ENG. Such failures constituted negligence and were proximate causes of the incident in question and Plaintiff's injuries and damages. Plaintiff asserts herein claims and causes of action based on Defendant PV HOLDING's negligent hiring, supervision and retention.

## XII. INJURIES - PRESENT AND FUTURE MEDICAL

As a result of Defendants' negligence, Plaintiff suffered painful and debilitating bodily injuries. Thus, Plaintiff has incurred reasonable and necessary medical expenses. In reasonable probability Plaintiff will incur additional necessary and reasonable expenses medical expenses in connection with his injuries in this case. Moreover, Plaintiff suffered physical impairment, permanent disfigurement, lost wages, loss of earning capacity, as well as severe physical and mental pain, suffering, and anguish.

## XIII. PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS

Plaintiff requests that Defendants disclose the information and material described in TEX. R. CIV. P. 194.2 (a) - (l). In addition to the materials requested in TEX. R. CIV. P. 194.2, Plaintiff requests that Defendants disclose all documents, electronic information, and tangible items that are in Defendants' possession, custody, or control and may use to support its claims or defenses.

Defendants' responses shall be delivered to Plaintiff's attorney of record Ramon Gonzalez , at 400 S. Zang Boulevard, 6th Floor, Suite 600, Dallas, Texas 75208 within fifty (50) days from the date of service hereof. Plaintiff also requests that Defendants supplement responses to this Request for Disclosure, as provided by TEX. R. CIV. P. 192, 193, and 194.

## XIV. NOTICE OF USE OF DOCUMENTS

Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendants that he intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## PRAYER

**WHEREFORE**, Plaintiff respectfully request's that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following:

A.    Monetary compensation for Plaintiff's past medical expenses;

B.    Monetary compensation that, in reasonable medical probability Plaintiff will incur in the future;

C.    Monetary compensation for Plaintiff's past physical pain and suffering;

D.    Monetary compensation for physical pain and suffering that, in reasonable probability Plaintiff will suffer in the future;

E.    Monetary compensation for Plaintiff's physical impairment in the past;

F.    Monetary compensation for physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

G.    Monetary damages for lost wages and for loss of future earning capacity, to be determined by the trier of fact

H.   Monetary compensation for Plaintiff's loss earnings capacity in the past;

I.   Monetary compensation for loss of earnings capacity that, in reasonable probability, Plaintiff will sustain in the future;

J.   Monetary compensation for Plaintiff past disfigurement;

K.   Monetary compensation for disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

L.   Costs of Court;

M.   Pre and post judgment interest at the maximum legal rate;

N.   Property Damage

O.   And any other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO A. GARCIA, P.C.**

By:   /s/ Ramon Gonzalez
      Ramon Gonzalez
      State Bar No. 24097745
      E-Service: Dallasoffice@dgley.com
      Email:Ramon@dgley.com

      400 S. Zang Blvd.
      6th Floor Suite 600
      Dallas, Texas 75208
      Telephone:   (214) 941-8300
      Facsimile:   (214) 943-7536

**ATTORNEY FOR PLAINTIFF**

CAUSE NO._____

| | | |
|---|---|---|
| FRANCISCO MEDRANO SOTO, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | JUDICIAL DISTRICT |
| | § | |
| MARVIN K. ENG AND PV HOLDING | § | |
| CORPORATION., | § | DENTON COUNTY, TEXAS |
|     Defendants. | | |

## PLAINTIFF FIRST SET OF WRITTEN DISCOVERY
## TO DEFENDANT PV HOLDING CORPORATION

TO:   Defendant, **PV HOLDING CORPORATION** is a Corporation that may be served with process through its registered CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO, located at 701 Brazos Street Suite1050 Austin, TX 78701, or wherever it may be found.

    **NOW COMES,** Plaintiff FRANCISCO MEDRANO SOTO, in the above-styled and numbered cause, by and through their attorney of record, Ramon Gonzalez, The Law Office of Domingo Garcia, P.C., and propound the following interrogatories, requests for production, and requests for admissions, to be answered by Defendant PV HOLDING CORPORATION, individually, such answers to include all of the information called for by such requests and interrogatories. These discovery requests are propounded pursuant to Rules 192, 193, 196, 197 and 198 of the Texas Rules of Civil Procedure and such requests and/or questions shall be answered separately, fully in writing and under oath, in fifty (50) days from the date of service hereof. Any objections to such requests and/or questions shall be made within fifty (50) days from the date of service hereof..Plaintiff will also requests that the Defendant continue to supplement answers to these requests and/or questions, as provided by Rules 192, 193, 196, 197, and 198 of the Texas Rules of Civil Procedure.

Respectfully submitted,

**LAW OFFICE OF DOMINGO GARCIA, P.C.**

By:     /S/ Ramon Gonzalez
        Ramon Gonzalez
        State Bar No. 24097745
        Email: Ramon@dgley.com
        E-service: dallasoffice@dgley.com

400 S. Zang Blvd., Suite 600
Dallas, Texas 75208
Telephone:  (214) 941-8300
Facsimile:  (214) 943-7536

**ATTORNEY FOR PLAINTIFF**

## DEFINITIONS

"Plaintiff", as used herein, shall refer to FRANCISCO MEDRANO SOTO, and their agents, representatives, or anyone acting on their behalf.

The terms "Defendant", "you" or "your", as used herein, shall refer to PV HOLDING CORPORATION representatives or anyone acting on its behalf.

The "date" referred to in the following requests and questions is SEPTEMBER 21, 2017.

The "accident" referred to in the following requests, is the accident, which occurred on SEPTEMBER 21, 2017, involving Plaintiff' vehicle occupied by Plaintiff FRANCISCO MEDRANO SOTO and Defendant's vehicle driven by Defendant MARVIN K. ENG ("ENG"), yet owned by Defendant PV HOLDING CORPORATION (" PV HOLDING"), and is the basis of this suit as set forth in Plaintiff's Original Petition

The "trailer", "truck" and/or "vehicle", as used herein, refers to Defendant's vehicle being driven by Defendant MARVIN K. ENG and owned by Defendant PV HOLDING CORPORATION, the date of the incident forming the basis of Plaintiff's Original Petition.

A "writing" as referred to in the following interrogatories is any written or recorded documentation, memorandum, notes, electronic data transfer, reports, records; and any other similar or comparable recondition of information.

"Communication" means any oral, written, printed documentary, or electronic transfer of information. "Statement" means:

1.      Any written or graphic statement made, recorded, signed, or otherwise adopted or approved by the person making it; and

2.      Any stenographic, mechanical, electronic or other type of recording, or any transcription thereof which is a substantially verbatim recital in whole or part of an

oral statement by the person making it and contemporaneously recorded.

"Documents" shall mean all writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, photographs, diagrams, sound recording films, tapes, and information stored in, or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For the purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills; statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, diagrams, and drawings; check registers; checkbooks; circulars, collateral files and contents; credit files and contents; contracts; corporate by-laws and amendments; corporate charters and amendments; correspondence; shareholders meetings minutes; directors meeting minutes; officers meetings minutes; committee meetings minutes; deed of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers; journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face to face communications and conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings);

purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; prepared statements; interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, tests plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes and other records and recordings of any conferences, telegrams, teletypes, and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the litigation. These terms also include any communication passing between your agents, attorney, representatives, or employees, whether or not made in connection with this specific claim or the investigation of the occurrence or transaction out of which this claim has arisen. If any document requested was not, is no longer, in your possession or control or is no longer in existence state whether it is:

1. Missing or lost;
2. Destroyed and, if so, what person and when;
3. Transferred voluntarily or involuntarily to other, and if so, to whom; or
4. Otherwise disposed of any, if so, by what person and when.

In each instance, explain the circumstances surrounding every such deposition thereof, state the approximate date thereof, and describe the contents of the information disposed of Identify" and

"Identity" are to be used as follows:

1. When used in reference to a person, "identify" or "identification" means to state his/her full name, present or last known residence address, present or last known business address and telephone number.

2.      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, and the name of the person primarily responsible for its activities and that person's identity.

3.      When used in reference to a document, "identify" or "identification" shall include a statement of the following:

a.      the title, heading or caption, if any of every such document;

b.      whether the document exists;

c.      all attachments to the document;

d.      the contents of the document;

e.      the identifying number(s), letter(s), or combinations thereof, if any; and the significance of or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

f.      the date appearing on such document, if no date appears thereon, the answer shall so state and whenever possible shall give the date or approximate date on which such document was prepared.

g.      the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

h.      the name and capacity of the person who authorized or signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

i.      the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

j.      the physical location of the document and the identity of its custodian or custodians.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT PV HOLDING CORPORATION

### INTERROGATORY NO. 1

What is the relationship between Defendant PV HOLDING, and Defendant ENG in the cause of action?

### RESPONSE:

### INTERROGATORY NO. 2:

Please state the names, address, and phone numbers of Defendant's agents/employees and/or representatives who first authorized Defendant ENG to drive the vehicle which was involved in the accident made the basis of this suit.

### RESPONSE:

### INTERROGATORY NO. 3:

Please state the name and address, phone number of each person having any knowledge, of relevant facts related to the accident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

### RESPONSE:

### INTERROGATORY NO.4:

Please state in detail the type of vehicle ENG was driving on the date of incident.

### RESPONSE:

### INTERROGATORY NO. 5:

Please state whether, prior to authorizing Defendant ENG to use your vehicle, did Defendant, its representatives, servants, and/or agents undertake any inquiry to determine the existence of any medical condition which might preclude Defendant ENG from safely operating a motor vehicle; and if so then,

(a)  Please describe the inquiry, you and/or your representatives, servants and/or agents undertook.

(b)  Please identify each person who has knowledge of any fact relating to the inquiry.

(c)  Please identify each writing relating to the inquiry.

(d)  Please identify the present custodian of any writing relating to the inquiry.

(e)  Please state each reason why you did not engage in any inquiry regarding the medical condition, which might preclude the driving ability of Defendant ENG.

**RESPONSE:**

**INTERROGATORY NO 6:**

Have you been sued under similar circumstances by other parties, either injured or from families, for a wrongful death or a personal injury claim? If yes, then please state the Court and Cause number of said proceedings.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Describe in detail what damage, if any, was done to your vehicle that Defendant ENG was operating and which was involved in this accident, drove in this accident, and give the cost of repair to such vehicle.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Describe in detail what injuries, if any, Defendant ENG, received in the accident.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Describe any information you have indicating, or any reason you have to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the accident.

**RESPONSE:**

**INTERROGATORY NO. 10**:

Describe any criminal record Defendant ENG may have, including the nature of the charge, date and place of arrest, and conviction, if any. (This Interrogatory is intended to include traffic or moving vehicle violations.)

**RESPONSE:**

**INTERROGATORY NO. 11**:

State the name and address of any person who has photograph of any person, place or thing which is relevant and material to the accident and describe what the photograph show.
**RESPONSE:**

**INTERROGATORY NO. 12**:

Please state the name of the individual who gave Defendant ENG the authority to drive the vehicle owned by Defendant on SEPTEMBER 21, 2017.
**RESPONSE:**

**INTERROGATORY NO. 13**:

Please state whether you lent/leased/rented the vehicle to Defendant ENG on the date of the accident?

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT PV HOLDING CORPORATION.

### REQUEST FOR ADMISSION NO. 1:

Admit or deny that on SEPTEMBER 21, 2017 an accident occurred involving a vehicle operated by Defendant ENG.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Admit or deny that at the time of the accident in question, the vehicle being driven by Defendant ENG was owned by you. If no, explain the ownership and/or leasing arrangement of the vehicle.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Admit or deny that Defendant ENG did not sound the horn prior to the accident in question.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:

Admit or deny that Defendant ENG did not make an evasive move to avoid the collision on SEPTEMBER 21, 2017.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:

Admit or deny that Defendant ENG was driving inattentively at all relevant times, and specifically moments before the collision that makes the basis of this lawsuit.

### RESPONSE:
### REQUEST FOR ADMISSION NO. 6:

Admit or deny that Defendant did not review the driving record and criminal record of

Defendant ENG prior to permitting Defendant ENG to operate the vehicle under the control and ownership of Defendant PV HOLDING.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 7:

Admit or deny that Defendant, its servants, agents and/or representatives failed to train Defendant ENG on the safe use of the vehicle.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 8:

Admit or deny that Plaintiff sustained serious injuries as a result of this accident that occurred on SEPTEMBER 21, 2017.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 9:

Admit or deny that Defendant ENG saw Plaintiff's vehicle prior to the accident in question.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 10:

Admit or deny that the accident made the basis of this lawsuit was caused by the negligence of Defendant ENG.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 11:

Admit or deny that Defendant ENG was authorized to use/operate the vehicle owned by Defendant on the date of the accident which is the basis of this cause of action.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny that Defendant is the holders of the title of the vehicle operated by Defendant ENG and involved in the accident of SEPTEMBER 21, 2017 , which is the basis of this litigation.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny that Defendant permitted and/or consented to Defendant ENG, operating the vehicle involved in the accident that made the basis of this cause, even though Defendant ENG was an incompetent driver.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit or deny that Defendant ENG was driving inattentively at all relevant times, and specifically moments before striking Plaintiff's vehicle that makes the basis of this lawsuit.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT PV HOLDING CORPORATION

### REQUEST FOR PRODUCTION NO. 1:

A legible photocopy of the Defendant ENG driver's license .

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

A copy of the title to the vehicle Defendant  ENG  was driving at the time of the accident made the basis of this lawsuit.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

A copy of any photograph, the Defendant has actual or constructive possession of, depicting any of the vehicles involved in the accident made the basis of this lawsuit.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

A copy of any accident and/or investigation report, or if no report has been prepared, the preparation of a report is hereby requested.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:

A copy of any damage appraisal made of the vehicle Defendant,  ENG , was driving.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6:

A copy of any drawing, map, sketch, photograph, and/or video, video of any nature of the scene of the accident made the basis of this lawsuit which has been made.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 7:

A copy of any accident location video and/or photograph that Defendant have of the accident location in question.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 8:

A true and correct copy of Defendant ENG Social Security Card.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 9:

A copy of any rule, policy, procedure, instruction or similar written guidance within the control, custody or possession of Defendant ENG, as to the use of Defendant's vehicle by its employee's agents or representatives.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 10:

A copy of any document evidencing repair work performed on Defendant's vehicle which was involved in the accident in question.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 11:

A copy of any employment agreement between Defendant  ENG and Defendants PV HOLDING.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 12:

A copy of any record secured by the use of any and all record obtained by an authorization signed by the Plaintiff or subpoenaed by the Defendants.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 13:

A list or privilege log of all document, video, photograph, or other materials withheld on the grounds of a legal privilege or objection.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 14:

A copy of any document identifying the make, model and year of purchase of the vehicle involved in the accident that made the basis of this action.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 15:

A copy of any document reflecting any service, repair or alteration of the vehicle's computer device.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 16:

A copy of any document reflecting all background checks or investigation performed on or

about Defendant ENG , at any time before the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

A document showing the current corporate hierarchy or organizational chart for Defendant for the last 5 years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

A copy of any computerized document relating to any previous request not already produced from 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

A copy of any file relating to the vehicle that was involved in the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

A copy of any license, certification, and/or endorsement that Defendant ENG had at the time of the accident made the basis of this lawsuit. This request includes, but is not limited in any way to all "haz-mat" endorsement and/or certification.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

A copy of any document relating to any and all training received by Defendant ENG.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

A copy of any log book relating in any way to Defendant PV HOLDING vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

A copy of any document that will show where Defendant ENG was for the 48 hours before the accident made the basis of this lawsuit . This request includes, but is not limited to, log books, delivery tickets, bill of lading, loading slips, time cards, and/or credit cards.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

A copy of any of Defendant's manual and all other Defendant's documents given to their drivers which reflect rules and procedures for drivers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

A copy of any document reflecting recordings by tachograph, speedograph or other recording devices indicating information about the operation of Defendant ENG's vehicle, including but not limited to information about date, time and rate of speed of such vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

A copy of any document comprising the owner's manual for Defendant PV HOLDING vehicle, as well as all documents from the manufacturer (or any component parts manufacturer) related to repair, maintenance, service bulletins, recall notices, or any other subject matter pertaining to the use, operation, repair or maintenance of Defendant's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

A copy of any document reflecting recordings by tachograph, speedograph or other recording devices indicating information about the operation of Defendant's vehicle, including but not limited to information about date, time and rate of speed of such vehicle, the day before the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

The number of any cell phone, and record of Defendant driver on the date of the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

A copy of any document pertaining to injuries and/or fatalities involving Defendant's personnel and/or equipment in or around the date of the accident made the basis of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

A copy of any record obtained by the use of any releases provided to Defendant in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

A copy of any document that will show the types of injuries claimed by Defendant ENG in the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

All information showing what, if any, background checks or investigation you did on Defendant ENG before entrusting the vehicle to him.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

A copy of any document that relate to your net worth for the years 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

A copy of any financial and/or net worth statement prepared by you or on your behalf for the years 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

A copy of any document that will show the entire corporate structure of Defendant and its subsidiaries as of date of the accident to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

A copy of any document relating to compensation or monies paid by you to Defendant ENG during the calendar years 2012 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

A copy of any service and operation manuals relating to Defendants' vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

A copy of any document that relate to any service and/or maintenance on Defendants' vehicle from 2012 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

A copy of any safety manual, safety policy, safety procedure, or safety guideline that applied to Defendant ENG at the time of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

A copy of any Defendant's company policy and procedural manual in effect on the date of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

A copy of any document relating to any driver training given to Defendant ENG at any time.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

A copy of any document relating to any safety training given to Defendant ENG at any time.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

The resume and/or background of Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

A copy of any note regarding this accident, whether written or in a computer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

A copy of any vehicle condition report from the time the vehicle was purchased until the date of the accident made the basis of this lawsuit;

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

A copy of any document containing the names, home phone numbers, home addresses, business addresses and business phone numbers of all persons who have knowledge of facts relevant to this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

A copy of any document reflecting any investigation into the accident making the basis of this suit, prior to the date that the Defendant, its agents, servants or employees had good cause to believe that litigation in this matter was forthcoming.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

A copy of any document reflecting any investigation into the accident making the basis of this suit that were conducted in the ordinary course of the business of the Defendant, its agents, servants or employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

A copy of any photograph, video, artists' conception, diagram, or any other form of electronic, photographic, xerographic, video, or audio medium for the recording and transmission of any information pertaining to any facts relevant to this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

A copy of any agreement and/or understanding made or entered into by you with any other party or potential party to this lawsuit, including the terms and provisions of any such agreement or understanding.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**

A copy of any bill, photograph, and/or estimate of any property damage arising by virtue of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**

A copy of any photograph and/or video of the vehicles involved in the accident that makes the basis of this suit, the accident location, of Plaintiff or Defendant or other item that is material and is likely to lead to the discovery of admissible evidence at trial.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 53:

A copy of any document evidencing ownership of Defendant at the time of the accident made the basis of this suit.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 54:

A copy of any document reflecting the date that Defendant had good cause to believe that litigation in this matter was forthcoming. "Good cause" means having an objective basis for believing that litigation is forthcoming coupled with a subjective manifestation that litigation is forthcoming.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 55:

A copy of any record or document (medical or non-medical) concerning Defendant ENG indicating that he was or was not using alcohol and or drugs (including prescription or nonprescription, legal or illegal) within twenty-four (24) hours prior to the accident.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 56:

A copy of any drug, alcohol and/or polygraph test performed on Defendant ENG , in your actual or constructive possession.

## RESPONSE:

## REQUEST FOR PRODUCTION NO. 57:

A copy of any licence, certification and/or licensing endorsement that Defendant ENG had at the time of the accident making the basis of this suit.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 58:

A copy of any document showing Defendant  ENG intended destination at the time of the accident making the basis of this suit.

**RESPONSE:**

CAUSE NO._____



FRANCISCO MEDRANO SOTO,          §          IN THE DISTRICT COURT
     Plaintiff,          §
          §
vs.          §
          §
MARVIN K. ENG AND PV HOLDING          §          JUDICIAL DISTRICT
CORPORATION.,          §
     Defendant.          §
          §
                      DENTON COUNTY, TEXAS

### PLAINTIFF'S NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF DEFENDANT PV HOLDING CORPORATION

TO:    Defendant **PV HOLDING CORPORATION** is a Corporation that may be served with process through its registered CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO, located at 701 Brazos Street Suite1050 Austin, TX 78701, or wherever it may be found.

    **PLEASE TAKE NOTICE** that Plaintiffs, in the above-numbered and entitled cause, by

and through their attorney of record, Ramon Gonzalez, Law Office of Domingo A. Garcia, P.C.,

will take the oral deposition of, **PV HOLDING CORPORATION** , at 10:00a.m. on the sixtieth

(60th) day after you have been served with citation in this cause or at 10:00a.m. on the next

business day following the sixtieth (60th) day after service of citation upon you or at a mutually

agreeable date and time, at the Law Office of Domingo A. Garcia, 400 S. Zang Blvd., 6th Floor,

Suite 600, Dallas, Texas 75208, pursuant to Rule 199.2 of the Texas Rules of Civil Procedure.

Such oral examination will betaken before a certified court reporter or an officer authorized to

take such deposition. This deposition will be recorded stenographically. The deposition will

continue from day-to-day until completed. All counsels are invited to attend and cross examine.

**PLAINTIFFS ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**-th

Respectfully Submitted,

**LAW OFFICES OF DOMINGO A GARCIA, P.C.**

By:     /s/ Ramon Gonzalez
        Ramon Gonzalez
        State Bar No. 24097745
        E-Service: Dallasoffice@dgley.com
        E-mail: Ramon@dgley.com

        400 S. Zang Blvd.
        6th Floor Suite 600
        Dallas, Texas 75208
        Telephone: (214) 941-8300
        Facsimile: (214) 943-7536

**ATTORNEY FOR PLAINTIFFS**

PLAINTIFFS ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE-th

